## PAINTER v. LEDYARD.

1. LOST DOCUMENTS—SECONDARY EVIDENCE.

> A witness may testify as to the contents of a lost letter without proof that he had knowledge of the handwriting of the party claimed to have written it, where the letter has been sufficiently identified by another witness, and proof of its loss made, to allow parol proof of its contents.

2. FINDINGS OF FACT—APPEAL.

> Findings of fact by the trial court will not be disturbed on appeal where there is evidence to support them.

Error to Kent; Adsit, J. Submitted April 23, 1896. Decided June 30, 1896.

*Assumpsit* by Martin J. Painter against Harrison T. Ledyard upon an account for boarding and lodging defendant's nephew. From a judgment for plaintiff, defendant brings error. Affirmed.

*L. G. Rutherford,* for appellant.

*Mains & Mains,* for appellee.

MOORE, J. Plaintiff sued defendant to recover $40 for 10 weeks' board furnished by Clark & Co. to one Shepard, a nephew of defendant, which claim was assigned to plaintiff. Judgment was rendered in favor of plaintiff in justice's court, and appeal was taken to the circuit court, where the case was tried, and a judgment for $40 and costs, together with an attorney fee of $25, was

rendered in favor of plaintiff. Defendant appeals to this court, making a number of assignments of error. So far as they relate to the amendment of the pleadings allowed by the court, it is not necessary to discuss them, as what was done in relation thereto was clearly within the discretion of the court.

It is the claim of the plaintiff that one Shepard came to Clark & Co.'s hotel at Lake Odessa, Sunday, July 16, 1893, and registered; that the next day Clark discovered something was wrong with Shepard, and attempted to send him away; that he was told by one Powers that Shepard was a nephew of defendant, and that he would see him about Shepard. Clark testified that on the following Tuesday he got a letter from defendant, which was lost; that he had made diligent search for the letter; that in substance it said to him not to send Harry Shepard back, but to keep him there until he could straighten up, and charge it up to him, and to draw on him for it, and he would pay it. He also testified that he had other letters from defendant, four or five in all, two or three of which he then had; the others were lost. One, dated September 26, 1893, was offered and received in evidence, reading:

"GRAND RAPIDS, MICH., Ledyard Block.
"Sept. 26, 1893.

"FRANK CLARK: In reply to your favor, will say the young man's board will be paid, as I told you, up to this time,—that is, September 26, 1893; but from this out I shall not stand by it. If his own mother refuses to pay, I don't consider I am called upon to do so. She will undoubtedly settle with you for the past amount. I don't wish to advance it, for she is the one that should do it. I saw her two sisters Sunday night, and they think about this matter as I do, and they will have a talk with her, and advise her. Don't draw any drafts on me. I shall be absent from the city for the next two weeks, but your claim up to this time will be settled.

[Signed]    "H. T. LEDYARD."

Another letter was received in evidence, without ob-

jection, dated October 24th, from Mr. Ledyard, in which he stated:

"I consider myself liable for his first week or two's board with you, as I told the checkman, and told you to keep him there until he could straighten up," etc.

Mr. Clark also testified to verbal interviews in which he told him to keep Shepard, and that he would pay him $4 a week, and send him a check for the amount.

An assignment of error is made, growing out of the testimony of the plaintiff, who was allowed to give testimony as to the contents of the letter of July 18th, about which Clark had testified, without its being shown that Painter had knowledge of Ledyard's handwriting. Upon this point counsel cites *Pinkham* v. *Cockell*, 77 Mich. 265. The admission of Painter's testimony would have been error had not the letter been sufficiently identified by Clark, and proof of its loss made, to allow parol proof of its contents.

For further ground of error it is alleged that the facts do not support the findings. Ledyard testified that he never sent the letter of July 18th. Powers testified:

"The only thing I ever did tell them was that Ledyard told me to say to Mr. Clark to keep Harry Shepard there a few days, until he might straighten up. Mr. Ledyard never authorized me to say anything to Mr. Clark."

These are disputes which relate to questions of fact. The trial judge had the witnesses before him, and we are not inclined to disturb his findings.

The judgment is affirmed.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, C. J., did not sit.